Friday, January 30, 2015 at 2:53:03 PM Eastern Standard Time

**Subject:** FW: Guardianship
**Date:** Thursday, September 4, 2014 at 1:15:23 AM Eastern Daylight Time
**From:** Bernard Black
**To:** esaungpinto@aol.com

Esaun: This is a confidential communication.

I regret that Cherie has chosen to bring you into the middle of this.
But you can see why it is important that we talk.

Cherie's reply, as I read it, confirms my worry that Cherie is attempting to set up sole guardianship of Joanne, against my wishes and behind my back.
You can see why it is important that we talk, before you and Cherie meet with Joanne.

I ask you to do your best not to allow Cherie to meet with Joanne without you present.
Such a meeting will give Cherie an opportunity to convince Joanne that I am the evil brother, and that Cherie is Joanne's protection against me.
Cherie will not attempt this in your presence, at least I hope not. But I believe that, out of your presence, Cherie is likely to do exactly this.
That can only harm Joanne's long-term chances at recovery.
Any effort by Cherie to obtain sole guardianship, which I will fight, will put Joanne in the middle of a conflict. That too can only be harmful to Joanne.

If I understand our relationship correctly, you are working for me, in my capacity as financial conservator for Joanne, as trustee of trusts of which Joanne is the principal beneficiary, and as executor of the Estate of Renata Black. In that capacity, I ask and indeed instruct you, do not take instructions from Cherie with regard to Joanne's care or well-being. Cherie does not speak for me, in any manner whatsoever.

I ask and indeed instruct you, do not support Cherie's effort to get Joanne to sign guardianship papers. There is no urgency for Joanne to sign anything. It is improper and unethical for Cherie to attempt to exploit Joanne's suspicions, of many things including me, to cause Joanne to do so before I have an opportunity to meet with Joanne. I ask you, and indeed instruct you, to please advise Joanne that she is under no obligation to sign anything and should not sign anything right now. I ask and indeed instruct you to do your best not to allow Cherie to meet with Joanne without you present.

I am willing to pay for your time, in addition to your normal time with Joanne, to the extent that this unfortunate conflict between me and Cherie causes you to spend extra time on this matter, as long as you document that time and effort, in a way that will let me defend that expense in the Colorado court.

Let's hope that Cherie decides to back off, and not pursue guardianship over Joanne.


Bernie
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Bernard S. Black
bblack@northwestern.edu
Chabraja Professor, Northwestern University
Law School and Kellogg School of Management
Law School: 375 East Chicago Ave., Chicago IL 60611
Kellogg: 2001 Sheridan Road, Evanston IL 60208


EXHIBIT Pinto 17 5/8/19 AS

tel: law: 312-503-2784; Kellogg 847-491-5049; cell: 847-807-9599
papers on SSRN at: http://ssrn.com/author=16042
**************************************************************

**From:** cherie wrigley [mailto:cheriewrigley@yahoo.com]
**Sent:** Thursday, September 04, 2014 12:04 AM
**To:** Bernard Black
**Cc:** Anthony J. Dain; esaungpinto@aol.com
**Subject:** Fw: Guardianship

Bernie,
You attempted to start the e-mail by addressing both of us and it went downhill immediately. You basically ignored me.Threats abound and your unprofessional way of communication is shocking.Really???? You never told me that guardianship bothered you. I have always encouraged you to be a more loving brother to your sister and to take a more active loving kind role in her life. If she would see you that would be wonderful. Good luck. In the meantime your stamping feet must be very sore.

On Wednesday, September 3, 2014 8:14 PM, Bernard Black <bblack@kellogg.northwestern.edu> wrote:

Tony and Cherie: I have told Cherie before that I will not support Cherie's efforts to be sole guardian of Joanne.

If Cherie attempts to get Joanne to agree to sole guardianship during her current visit, I will view this as a *major* breach of trust.
For a variety of reasons that I will not detail in this email, I do not believe sole guardianship is in Joanne's interests.
The way that Cherie appears to be attempting this, by presenting herself to Joanne as Joanne's protection against me, is completely unacceptable.
Going behind my back in this and other ways is also completely unacceptable.

I have told Cherie that I oppose sole guardianship.
Let me be more explicit: I will fight like hell against sole guardianship.
As you both know, I generally try to find compromises and reasonable solutions.
Perhaps at times I try too hard to find a middle ground.
But if Cherie decides to pick a fight, please understand that once I fight, I fight very hard.

Bernie

*************************************************************
Bernard S. Black
bblack@northwestern.edu
Chabraja Professor, Northwestern University
Law School and Kellogg School of Management
Law School: 375 East Chicago Ave., Chicago IL 60611
Kellogg: 2001 Sheridan Road, Evanston IL 60208
tel: law: 312-503-2784; Kellogg 847-491-5049; cell: 847-807-9599
papers on SSRN at: http://ssrn.com/author=16042
*************************************************************

**From:** Bernard Black
**Sent:** Monday, September 01, 2014 8:31 PM
**To:** 'cherie wrigley'
**Subject:** RE: Guardianship

Yes.
Please stop pushing so hard on guardianship.
Sole guardianship will not happen.
I will not agree to it.

Bernie
*************************************************************
Bernard S. Black
bblack@northwestern.edu
Chabraja Professor, Northwestern University
Law School and Kellogg School of Management
Law School: 375 East Chicago Ave., Chicago IL 60611
Kellogg: 2001 Sheridan Road, Evanston IL 60208
tel: law: 312-503-2784; Kellogg 847-491-5049; cell: 847-807-9599
papers on SSRN at: http://ssrn.com/author=16042
*************************************************************

**From:** cherie wrigley [mailto:cheriewrigley@yahoo.com]
**Sent:** Monday, September 01, 2014 5:15 PM
**To:** Bernard Black; Bernard Black
**Subject:** Fw: Guardianship

# Did you receive this?
# Cherie

On Saturday, August 30, 2014 11:16 AM, cherie wrigley <cheriewrigley@yahoo.com> wrote:

Hello.

This is the last communication I have received regarding this entire matter. Joanne has given me consent to be her guardian in NY. Has anything been done in Colorado??? It is the end of August and another two months have been wasted. I feel I should just go ahead and let Joanne sign some DIY papers. She is expected to be released in two weeks or less.

Bernie once she has more freedom it will be harder to see the necessity of protection. I just can't believe this process has been so time consuming.

Cherie

On Tuesday, June 24, 2014 3:29 PM, Bernard Black <bblack@kellogg.northwestern.edu> wrote:

Great.
Can we expedite #2?

Thank you,

Bernie

*****************************************************************
Bernard S. Black
bblack@northwestern.edu
Chabraja Professor, Northwestern University
Law School and Kellogg School of Management
Law School: 375 East Chicago Ave., Chicago IL 60611
Kellogg: 2001 Sheridan Road, Evanston IL 60208
tel: law: 312-503-2784; Kellogg 847-491-5049; cell: 847-807-9599
papers on SSRN at: http://ssrn.com/author=16042
*****************************************************************

**From:** Carl Glatstein [mailto:Carl@denverprobatelaw.com]
**Sent:** Tuesday, June 24, 2014 11:12 AM
**To:** Bernard Black; cherie wrigley
**Cc:** Connie Eberly
**Subject:** RE: Guardianship

OK.  One down, two to go.

Attached is the Court's Order Vacating the Show Cause Hearing and vindicating the Conservator,

which entered this morning.

This does not mean that the court has 'allowed' the Conservator's Report for this first year. That is another order yet to come *after* the Probate Monitor has reviewed the report. An Order Allowing the Conservator's Report precludes anyone from challenging expenditures and any other matters disclosed in the report for that time period. It seals and limits your liability and exposure as Conservator.

Now that the Conservator's Report has been filed and the show cause hearing vacated, and while the Conservator's Report is being reviewed, we will submit the Petition for Guardianship and move that forward. As we discussed previously, I did not want the guardianship petition pending with the show cause outstanding.


M. Carl Glatstein
Glatstein & O'Brien LLP
2696 S. Colorado Blvd., Suite 350
Denver, CO 80222
Tel.: 303-757-4342 / Fax: 303-757-4570
www.DenverProbateLaw.com
carl@DenverProbateLaw.com


**From:** Bernard Black [mailto:bblack@kellogg.northwestern.edu]
**Sent:** Monday, June 23, 2014 3:05 PM
**To:** cherie wrigley; Carl Glatstein
**Subject:** RE: Guardianship

Carl: I was wondering as well,

Bernie

****************************************************************
Bernard S. Black
bblack@northwestern.edu
Chabraja Professor, Northwestern University
Law School and Kellogg School of Management
Law School: 375 East Chicago Ave., Chicago IL 60611
Kellogg: 2001 Sheridan Road, Evanston IL 60208
tel: law: 312-503-2784; Kellogg 847-491-5049; cell: 847-807-9599
papers on SSRN at: http://ssrn.com/author=16042
****************************************************************

**From:** cherie wrigley [mailto:cheriewrigley@yahoo.com]
**Sent:** Monday, June 23, 2014 3:25 PM
**To:** Carl@denverprobatelaw.com
**Cc:** Bernard Black
**Subject:** Guardianship

## Any news or updates????
Cherie