|  |  |
|---|---|
| Denver Probate Court<br>City and County of Denver, State of Colorado<br>1437 Bannock Street, Room 230<br>Denver, CO 80202 | DATE FILED: March 5, 2013 |
|  | ▲ COURT USE ONLY ▲ |
| In the Interest of:<br><br>**JOANNE BLACK,**<br><br>Protected Person | Case Number:<br><br>**12 PR 1772** |
| ***AMENDED* ORDER APPOINTING CONSERVATOR FOR ADULT** ||

Upon consideration of the Petition for Appointment of Conservator for the above person and hearing on **December 11, 2012,**

**The Court finds that:**

1. Venue is proper and required notices have been given or waived
2. An interested person seeks the appointment of a Conservator.
3. The Protected Person's best interest will be served by appointment of a Conservator.

**The Court finds by clear and convincing evidence that a basis exists for a conservatorship because:**

☑The Protected Person is unable to manage property and business affairs because of an inability to effectively receive or evaluate information or both or to make or communicate decisions, even with the use of appropriate and reasonably available technological assistance.

    or

☐The Protected Person is missing, detained, or unable to return to the United States;

**The Court further finds by a preponderance of evidence that:**

☑The Protected Person has property that will be wasted or dissipated unless proper management is provided.

    **and/or**

☐The Protected Person, or persons entitled to the Protected Person's support, require money for support, care, education, health, and welfare; and protection is necessary or desirable to obtain or provide money.

The Court has considered any expressed wishes of the Protected Person concerning the selection of the Conservator. The Court has considered the powers and duties of the Conservator, the scope of the Conservatorship, and the priority and qualifications of the Nominee.

**The Court appoints the following person as Conservator of the Protected Person:**

    Bernard S. Black
    2829 Sheridan Place
    Evanston, IL 60201-1725
    Home: 847-869-6735
    Cell:    650-773-0955
    Email: bblack@northwestern.edu

**The Court directs the issuance of Letters of Conservatorship as follows:**

☑ The powers and duties of the Conservator are unrestricted. The Conservator may exercise all the powers granted in §15-14-425, C.R.S. **Letters EXPIRE on June 11, 2013.**

☐ The powers and duties of the Conservator are limited by the following restrictions:

☐ The Conservator shall not, without prior Court order, convey or encumber any real estate owned by the Protected Person.

To insure notice of this prohibition, the Conservator shall record the Letters evidencing appointment with the Clerk & Recorder of the County in which such real estate is located. The Conservator shall provide proof of the recording to the Court.

**The Court orders the following:**

1. The Conservator shall notify the Court within 30 days if his/her home address, email address, or phone number changes and/or of any change of address for the Protected Person.

2. Within 30 days of appointment, the Conservator shall provide a copy of this Order Appointing Conservator for Adult to the Protected Person and persons given notice of the Petition and shall advise those persons using Notice of Appointment of Guardian and/or Conservator (JDF 812) that they have the right to request termination or modification of the Conservatorship.

3. The Conservator shall file for approval with the Court a Conservator's Inventory with Financial Plan (JDF 882) on or before **March 11, 2013**. The value of the assets must be reported as of the date of this Order.

4. The Conservator shall file a Conservator's Report (JDF 885) with the Court each year on or before **March 11**. The time period covered in the report shall begin on **February 1** and end on **January 31**. The Conservator is required to maintain all supporting documentation, including receipts and disbursements.

5. ☐ All financial powers of attorney, whether executed prior to or following the entry of this Order, are terminated, except as follows:

6. The Conservator shall

   ☑ serve without bond for the following reason(s): **Respondent's assets will be placed into a Supplemental Needs Trust for Respondent's benefit.** *(See below.)*

   ☐ serve with bond in the amount of $ _____. The bond must be posted with the Court by _____ (date). If bond is posted by a surety, notice of any proceeding must be provided to the surety.

7. Copies of all future Court filings must be provided to the following:

| Name of Interested Person | Relationship to Protected Person |
|---|---|
| Joanne Black | Protected Person |
| Lisa DiPonio, Esq. | Protected Person's Counsel |
| Gayle Young, Esq. | Protected Person's Guardian ad Litem |
| Cherie Wrigley | Protected Person's Cousin |
| Anthony Dain, Esq. | Trustee, Protected Person's Cousin |
| Bernard Black | Protected Person's Brother and Conservator |

8. The Court further orders: **GAL and Counsel for Respondent are to remain in the case until further order of the Court.**

9. In addition, the Conservator is specifically authorized:

   a. To disclaim Respondent's interest as beneficiary under all payable on death or transferable on death accounts with Vanguard and Fidelity owned by Respondent's mother, Renata Black (DOD 5/1/2012). The estate of Renata Black is under the supervision of the Surrogate's Court, Westchester County, State of New York, File #2012-1209.

   b. To secure such workers compensation benefits to which Respondent is entitled but is refusing to claim, and place these benefits in trust for Respondent (Joanne Black Trust II);

   c. To serve as Representative Payee on behalf of Respondent to ensure that Respondent continues to receive Social Security Disability Insurance and accompanying Medicare benefits, which Respondent has indicated her intent to disclaim;

   d. To apply for such other public or private benefits to which Respondent may be entitled;

Date: 3/5/13
*nunc pro tunc* December 11, 2012

[signature] Probate Judge