

May 21, 2021

**VIA ECF**
The Honorable Carol B. Amon
United States District Judge
United States District Court for the Eastern
District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  **Black et al. v. Wrigley et al., Case No. 1:16-cv-0430 (CBA)(ST)**

Dear Judge Amon:

  Yesterday, May 20, 2021, during the argument on the defendants' motion for summary judgment, counsel for the defendants argued that if the Court grants a partial summary judgment on some of plaintiffs' claims, the Court should dismiss the remaining claims because the case would then be proceeding to trial without satisfying the $75,000 jurisdictional amount. You asked defense counsel whether they were aware of any authority for that proposition. Defense counsel responded that he was uncertain, but that the defendants had cited authority in their Reply that might support the rule of law that he was then asserting. You asked me the same question and I responded that I believed that once the jurisdictional amount was alleged in the complaint, I did not think that the dismissal of some claims would require the reevaluation of the jurisdictional amount. I am writing now on behalf of the plaintiffs to cite authority that supports my understanding that once the jurisdictional amount is alleged, partial dismissal of claims does not permit the Court to dismiss the remaining claims for lack of the jurisdictional amount.

  The defendants did cite authority in their Reply to support their argument that "[if] these claims fail, the remainder of Plaintiffs' claims for damages will not satisfy the jurisdictional threshold amount required to sustain a diversity action in this Court…. See e.g., *Universitas Educ.,LLC v. Nova Group, Inc.,* 513 Fed. Appx. 62, 63 (2d Cir. 2013)." Dkt. 93, at p.6. However, *Nova Group* does not support that proposition. The *Nova Group* Court, when faced with the question of whether subject matter jurisdiction based on diversity of citizenship is lost when a diverse trustee who brings an action in his own name but non-party trust beneficiaries are not diverse, affirmed the long established rule that "…permits trustees 'to sue in their own right without regard to the citizenship of the trust beneficiaries.'" Id. at 62. That case, however, did not deal with the proposition that defense counsel was arguing about reevaluating the jurisdictional amount.

May 21, 2021
Page 2

On the contrary, the Second Circuit has been very clear that as long as the jurisdictional amount is not alleged in the complaint in bad faith, the dismissal of some claims on summary judgment does not permit the dismissal of the remaining claims for lack of the jurisdictional amount. In *Hall v. Earthlink Network, Inc.*, 396 F. 3d 500 (2d Cir. 2005), the Second Circuit held that' … [g]enerally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events." Id. at 506. That Court cited the Supreme Court in *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283,289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.") In *Earthlink,* the district court had dismissed the claim for consequential damages and dismissed the remaining claims for actual damages for want of subject matter jurisdiction. Even while affirming the district court summary judgment because the plaintiff failed to request that the district court retain jurisdiction, the Second Circuit concluded that the remaining claims should have continued to trial. Id. at 506-07. Dismissal of the complaint for lack of jurisdiction would only be appropriate where the Court could say to a 'legal certainty' that the amount alleged was below the threshold when the complaint was initially filed. Id. Here, the defendants have not argued, nor could they, that it was a legal certainty that the jurisdictional amount was not satisfied at the time of filing.

Very truly yours,

HALLING & CAYO, S.C.

*Michael Schaalman*

Michael H. Schaalman
mhs@hallingcayo.com
Attorney for Plaintiffs

MHS:mmm

cc: All counsel of record